UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/08

---

CHARLES GATLING,

         Plaintiff,

-v-

WARDEN MARK HUGHES, *et al.*,

         Defendants.

No. 08 Civ. 4025 (RJS)
ORDER

---

RICHARD J. SULLIVAN, District Judge:

*Pro se* plaintiff Charles Gatling brings this action against defendants pursuant to 42 U.S.C. § 1983, claiming that defendants have denied and continue to deny him his constitutional right to attend religious services for Jewish prisoners while he is incarcerated. On March 24, 2008, plaintiff moved for the appointment of counsel. For the reasons that follow, plaintiff's motion is denied.

There is no constitutional right to representation by counsel in civil proceedings. *See Rivas v. Suffolk County*, 2008 WL 45406, at *1 (2d Cir. Jan. 3, 2008); *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984); *Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 581 (S.D.N.Y. 2004). The Court may however, in its discretion, appoint counsel in non-criminal cases pursuant to 28 U.S.C. § 1915. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see also Rivas*, 2008 WL 45406, at *1 (citing *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *In re Martin-Trigona*, 737 F.2d at 1260. In considering whether to appoint counsel,

> the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof

presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.[1]

*Hodge*, 802 F.2d at 61-62; *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Rivas*, 2008 WL 45406, at *1-2 (applying *Hodge* factors in a § 1983 action); *Martino v. Westchester County Dept. of Corr.*, No. 06 Civ. 9900 (PKC) (RLE), 2007 WL 958516, at *1 (S.D.N.Y. Mar. 28, 2007) (same). Thus, the Court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). If the Court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." *Hodge*, 802 F.2d at 61. "In trial courts, the preliminary assessment of likely merit must be undertaken somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997). Thereafter, the Court should apply the *Hodge* factors. The Court should also be mindful of the Second Circuit's instruction that volunteer lawyer time is a "precious commodity," and that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper*, 877 F.2d at 172.

Here, because plaintiff's *in forma pauperis* application was granted on April 25, 2008 by the Honorable Kimba M. Wood, Chief District Judge, the Court first notes that plaintiff is indigent and cannot afford counsel. Second, keeping in mind "the importance of the apparent merits of the indigent's claim," the Court notes that it appears from the face of plaintiff's complaint that his claim

---

[1] The provision for appointment of counsel, currently located at § 1915(e)(1), was, at the time of the *Hodge* decision, located at § 1915(d). *See Rivas*, 2008 WL 45406, at *1 n.2 (citing *Hendricks v. Coughlin*, 114 F.3d 390, 391 n.1 (2d Cir. 1997)).

2

may not have been properly exhausted pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[2] In this respect, the Court notes that plaintiff's claim may not be "of substance" as the Court may never reach the merits of plaintiff's case, unless plaintiff can articulate a viable excuse for his failure to exhaust his administrative remedies pursuant to the PLRA. *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (articulating three-pronged inquiry courts should undertake in determining whether prisoner's failure to exhaust was excusable)

Even assuming that plaintiff's claim was properly exhausted and the claim is of substance, the Court finds that the balance of the factors weigh against the appointment of counsel at this juncture. First, plaintiff's assertion in his application that he is "below a layman to the law" is not sufficient to require the appointment of counsel. It may be accurate that plaintiff is an indigent individual not trained in the law, but that alone is insufficient to require the appointment of counsel, particularly where plaintiff has demonstrated that he is able, at least at this point in the litigation, to present his case effectively. Plaintiff is in a relatively good position to investigate the crucial facts, given that his claims arise out of the denial of his right to attend prison services at North Infirmary Command, the medical facility at which he is housed. Moreover, this claim is not particularly complex, and plaintiff has demonstrated an ability to present his claim in a cogent and detailed fashion in his complaint. In addition, it does not appear at this time that conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder in this case. Finally, keeping in mind that the services of a volunteer attorney are a "precious commodity," *Cooper*, 877 F.2d at 172, the Court finds that plaintiff has put forth no "special reason" why

---

[2] Plaintiff contends that he filed a grievance but received no response, and was told that his complaints involved a religious matter that could not be grieved. (*See* Compl. §§ II. (C), (D).)

3

appointment of counsel is particularly necessary in this case, *see Hodge*, 802 F.2d at 62.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to renewal at a later point if additional grounds for the application are presented to the Court. Any renewed application should be accompanied by an affidavit establishing facts supporting the *Hodge* factors as set forth above. The Clerk of the Court is respectfully directed to terminate the motion docketed at document number 1.

SO ORDERED.

Dated:   May 28, 2008
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE